# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **DUDLEY MORRISON**<br>    LA. DOC #228524<br>**VS.** | **CIVIL ACTION NO. 3:11-cv-0137**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **SHERIFF ANDY BROWN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Dudley Morrison, proceeding *in forma pauperis*, filed the instant civil rights complaint on January 24, 2011. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC); he is incarcerated at the Jackson Parish Corrections Center (JPCC), Jonesboro, Louisiana. Plaintiff complains that JPCC offers no rehabilitation programs or "legal aid resources" which he claims are needed to "fight [his] case." He sued Jackson Parish Sheriff Andy Brown, JPCC Warden Billy Tigner, and Assistant Warden Ducote praying only for his transfer to an LDOC facility; in his amended complaint he prayed for "access to an up to date law library, a knowledgeable law clerk who is competent and efficient with basic law [and] to be given all the tools needed in order to attack my sentence..." He also prayed for an unspecified amount of money damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is an inmate in the custody of the LDOC; he is incarcerated at JPCC. His original complaint, filed on January 24, 2011, provided little factual support for his conclusory claims that he was being denied access to rehabilitation programs and legal resources to "fight my case." He prayed for an order directing the defendants to transfer him to another facility.

He was ordered to amend his complaint to provide more specific information. He filed an amended complaint on March 14, 2011. He claimed only that he "... has on going legal problems concerning his sentences running concurrent, along with the District Court not recognizing the [Docket Number], his last name or date of birth." He claimed that the JPCC law library is insufficient because there is only one law clerk to assist 1000 inmates and the law books are "out dated." He also claims that the law material is not readily accessible and the Warden often orders legal work discontinued. In support of his claim, he provided a copy of correspondence from the Clerk of the Nineteenth Judicial District Court, East Baton Rouge Parish. The form letter (which is dated February 10) asked plaintiff to supply a correct docket number, his last name, date of birth, LDOC number and a description of the charges complained of. [Doc. 5, Exhibit A]

In his amended complaint, he faulted only Warden Tigner, apparently abandoning his claims against Sheriff Brown, Assistant Warden Ducote, and the JPCC.

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim

2

upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. . *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual

3

allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's original complaint provided insufficient information and therefore he was instructed in the law and directed to amend. Among other things, he was ordered to "amend his complaint to demonstrate that he was in fact denied his right of access to the courts and that this denial prejudiced him." Plaintiff's amended complaint did not address the issue of prejudice, however.

## 2. Rehabilitation Programs

Plaintiff maintains that he is denied access to rehabilitation programs at JPCC. In so doing, he mistakenly assumes that he has a Constitutional right to educational or vocational programs, to social services, or to other unspecified rehabilitation programs. Inmates do not a have a protected property or liberty interest in rehabilitation programs such as prison employment. *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir.1989) ; *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.1988). Nor do prisoners have a constitutional right to participate in drug treatment programs. *See Moody v. Doggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (Prisoner classification and eligibility for rehabilitation programs are not subject to "due process" protections). The "state has no constitutional obligation to provide basic educational or vocational training to prisoners." *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir.1988). Nor do prisoners have a constitutional right to "social services." *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991). Thus, plaintiff's complaint, insofar as it asserts the existence of a constitutional right to rehabilitation programs, fails to state a claim for which relief may be granted.

*3. Access to Courts*

Plaintiff also complains he is being denied his right of access to the courts. "It has long been recognized that prisoners generally enjoy the constitutional right of access to the court." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). See *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)). Put another way, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v. Wilkinson*, 3 F.3d at 821; *Lewis v. Casey*, 518 U.S. at 351, 116 S.Ct. at 2179-81; *Norton v. Dimazana*, 122 F.3d at 290; and *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir.1996).

Plaintiff has not shown how his ability to prepare and transmit legal documents has in any way been inhibited. With regard to the exhibit provided, it appears that the Clerk of the Nineteenth Judicial District Court has merely asked plaintiff to provide certain personal information to expedite his claim. Plaintiff clearly does not need a law library or the assistance of a law clerk to provide such elementary information as the correct spelling of his name, his docket number, his prisoner number, or his date of birth.

Further, in order for plaintiff to state a claim that he was denied his constitutional right of access to the courts, he must "demonstrate[ ] that his position as a litigant was prejudiced by his denial of access to the court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir.1996) (*per curiam*)

5

(citing *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993)). This requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. The Supreme Court, discussing the "actual injury" requirement held that: "The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355.

Plaintiff maintains that he is unable to attack his sentences. However, he has not shown that he even attempted to file a non-frivolous appeal, motion, or post-conviction application attacking his sentence. Nor has he shown that such pleading was rejected because of some failure on the part of the defendants. Plaintiff's access to court complaint also fails to state a claim for which relief may be granted.

*4. Transfer*

Finally, plaintiff has prayed for his transfer from his present place of incarceration to another LDOC facility. However, the placement of prisoners is a matter left to the broad discretionary authority of the prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974). Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La.

2000).

*Order and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaints be **DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, May 4, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE